United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAM RESEARCH CORPORATION, a Delaware Corporation<br><br>    Plaintiff,<br>  v.<br><br>SUBHASH DESHMUKH,<br><br>    Defendant. | NO. C 05-80229 JW (PVT)<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE TRUMBULL'S DISCOVERY ORDER** |

## I. INTRODUCTION

On October 27, 2005, the Court received Plaintiff's objections to and appeal from Magistrate Judge Trumbull's Order granting Plaintiff's motion to compel non-party Applied Materials to produce documents ("Order"). Based upon the papers filed to date, the Court DENIES Plaintiff's objections and appeal.

## II. BACKGROUND

This lawsuit involves alleged misappropriate of trade secrets. Plaintiff Lam Research ("Lam") filed this action against Defendant Subhash Deshmukh, who is currently an Applied Materials employee. On October 25, 2005, Magistrate Judge Trumbull granted Plaintiff's motion with respect to Category Six of Lam's subpoena. The subpoena requires Applied Materials to produce "All documents that refer or relate to demo reports for low-k via etch process developed for Fujitsu, Ltd. (or any of its subsidiary companies)

1  on the Enabler, including, but not limited to, process demo's on single layer 193 photoresist from July 1,
2  2004 to the present." (Motion at 1.) Applied Materials requests that the Court overturns the Order or, in
3  the alternative, stay Applied Materials' compliance with the Order until Fujitsu can be heard on the issue
4  and narrow the scope of the order.

## III. DISCUSSION

Under 28 U.S.C §636(A), a District Judge may overrule a Magistrate Judge's order if it is "clearly erroneous or contrary to law." §636(A); Fed. R. Civ. P. 72. Moreover, pre-trial objections to matters concerning discovery are generally not considered to be dispositive since they do not resolve the case on the merits. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A magistrate judge's factual determinations are subject to the "clearly erroneous" standard. Maisonville v. F2 Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990). Under this standard, factual findings are not clearly erroneous unless the "'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (citation omitted). On the other hand, a Magistrate Judge's conclusions of law are subject to the "contrary to law" standard, which amounts to a *de novo* review. In re MTI Tech. Corp. Sec. Litig. II, 2002 WL 32344347 (C.D. Cal. June 13, 2002) (citations omitted); see also Anderson, 470 U.S. at 573 (citations omitted). Mixed questions of law and fact are also subject to *de novo* review. Id.

Applied Materials objects because the Order requires Applied Materials to produce confidential information of another non-party, Fujitsu Ltd. ("Fujitsu"), when Fujitsu had no opportunity to be heard on the issue of the production of its confidential and or trade secret information. (Motion at 1.) Applied Materials contends that Fujitsu was not provided with "reasonable notice" of the motion to compel. Specifically, Applied Materials contends that the subpoena did not provide a reasonable notice of the motion because: (1) the subpoena provided no notice of a hearing date; (2) the subpoena provided no notice of the relief Lam was requesting; and (3) the subpoena was not served on the relevant entity.

Under Fed. R. Civ. P. 37(a), "[a] party, upon reasonable notice to other parties and all parties affected thereby, may apply for an order compelling disclosure or discovery . . . ." Magistrate Judge Trumbull found that the subpoena constituted reasonable notice to Fujitsu. As such, the real issue is

whether Magistrate Judge Trumbull's decision was clearly erroneous or contrary to law. <u>See</u> Fed. R. Civ. P. 72(a) (The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.).

The Court finds that Magistrate Judge Trumbull's decision was neither clearly erroneous or contrary to law. First, although the subpoena provided no notice of the hearing date, Fujitsu should have known that Lam's only remedy to obtain the documents after serving Fujitsu with a subpoena is to file a motion to compel discovery. The motion to compel was properly served on Applied Materials who had notice of the hearing date. Secondly, contrary to Applied Materials' assertion, the subpoena clearly provided notice to Fujitsu of the relief Lam was requesting. Lam issued the subpoena to Fujitsu for the same category of documents that it sought to discover by the motion to compel. Finally, although the subpoena was not served on Fujitsu Ltd. in Japan, Applied Materials admits that the subpoena was served on Fujitsu Ltd. in America. (<u>See</u> Applied Materials' Objection, Docket Item No. 27 at 3.) Applied Materials does not argue that only Fujitsu in Japan may properly address or defend any action or potential action against the company. Accordingly, the Court finds that the subpoena was properly served on the effected parties–Applied Materials and Fujitsu.

## IV. CONCLUSION

Magistrate Judge Trumbull's Order granting Plaintiff's motion to compel non-party Applied Materials was neither clearly erroneous nor contrary to law. Therefore, the Court affirms Magistrate Judge Trumbull's Order granting Lam's motion compelling Applied Materials to produce the requested documents.

Dated: November 23, 2005

JAMES WARE
United District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Devin C. Courteau, dccourte@hklaw.com
Brandon D Conard, brandon.conard@weil.com

**Dated: November 23, 2005**                                **Richard W. Wieking, Clerk**

                                                             **By:    /s/ JW Chambers**
                                                             _____

                                                             **Ronald L. Davis**
                                                             **Courtroom Deputy**

**United States District Court**
For the Northern District of California